# IN THE COURT OF APPEALS OF IOWA

No. 22-2041
Filed November 8, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**LONNIE LAVOY RICHARDSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Plymouth County, Daniel P. Vakulskas, District Associate Judge.

A defendant appeals his conviction for third-offense operating while intoxicated. **APPEAL DISMISSED.**

Travis M. Visser-Armbrust of TVA Law PLLC, Sheldon, for appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Badding and Chicchelly, JJ.

**TABOR, Presiding Judge.**

In August 2021, Lonnie Richardson was driving his 1978 Honey motorhome on Highway 75 in Plymouth County when he was pulled over by a deputy sheriff. The deputy noticed Richardson crossing the center line and swerving within his lane. A database check revealed that Richardson's license was barred. When the deputy approached the motorhome's open window, he smelled marijuana. The State later charged Richardson with operating while intoxicated, third offense (OWI third); possession of marijuana; and operating while his license was barred.

The district court set the case for jury trial in October 2022. On the morning of trial, Richardson reached a deal with the State, agreeing to plead guilty to OWI third, in violation of Iowa Code section 321J.2(1)(c) (2021) (criminalizing driving "[w]hile any amount of controlled substance is present in the person"). In return, the State dismissed the other charges. Ten days later, Richardson filed a handwritten letter claiming he did not understand the consequences of his guilty plea. About two weeks after that, his counsel moved in arrest of judgment, contending that section 321J.2(1)(c) was unconstitutional. The court denied that motion and sentenced Richardson to a suspended five-year prison term. He now appeals the denial of his motion in arrest of judgment.

But Richardson does not have the right to a direct appeal. *See* Iowa Code § 814.6(1)(a)(3). Instead, an application for discretionary review is the appropriate vehicle to challenge the denial of his motion in arrest of judgment. *See id.* § 814.6(2)(f); *State v. Jones*, No. 23-0229, 2023 WL 6292547, at *2 (Iowa Ct. App. Sept. 27, 2023); *State v. Tutson*, No. 21-0990, 2022 WL 1236763, at *1 (Iowa Ct. App. Apr. 27, 2022).

Under Iowa Rule of Appellate Procedure 6.108, we may treat Richardson's notice of appeal as an application for discretionary review. But we decline to do so because he has been accorded substantial justice. *See* Iowa R. App. P. 6.106(2). Nothing in his appellant's brief suggests an actual deficiency in the plea proceeding.[1] And the constitutional issue raised in his motion in arrest of judgment is foreclosed by Iowa Supreme Court precedent. *See State v. Newton*, 929 N.W.2d 250, 259 (Iowa 2019) ("We conclude section 321J.2(1)(c) does not violate the requirements of due process under the Federal or State Constitutions as applied to the circumstances of this case."). On this record, we exercise our discretion not to grant discretionary review.

**APPEAL DISMISSED.**

---

[1] Even if we are "putting the cart before the horse" by contemplating the merits of his claimed violation, we would find no abuse of discretion if we granted discretionary review. *See Tutson*, 2022 WL 1236763, at *2. The district court informed Richardson of the rights that he waived by pleading guilty and the applicable sentence. *See* Iowa R. Crim. P. 2.8(2)(b). Richardson confirmed that he understood his rights and the consequences of his plea, and he agreed that no one improperly induced his plea. Because his plea was knowing and voluntary, the court properly refused to let him withdraw it.